# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**R. L. MYRICK, JR.,**

       Plaintiff,

    **v.**                                   **Case No. 18-CV-1574**

**MARK S. GEMPELER,**
**PATRICK HAUGHNEY,** and
**ANTONY ROSARIO,**

       Defendants.

---

## REPORT AND RECOMMENDATION
## TO DISMISS ACTION ON PRELIMINARY REVIEW

---

R. L. Myrick, Jr., filed this action without the assistance of counsel in October 2018, *see* Complaint, ECF No. 1, as well as a request for waiver of the $400 filing fee. The matter was randomly assigned to this Court, which screened the Complaint in accordance with 28 U.S.C. § 1915. On screening, the Court dismissed the Complaint with leave to amend. Mr. Myrick filed an Amended Complaint, ECF No. 6, but that was dismissed too. On January 8, 2019, he filed a Second Amended Complaint, ECF No. 9. Because this action continues to suffer from a number of fatal defects, the Court will recommend that it be dismissed and that Mr. Myrick's request to proceed without prepaying the filing fee be denied as moot.

## I.  Screening under 28 U.S.C. § 1915

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to

pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

## A. Ability to pay - § 1915(a)

Mr. Myrick is homeless and unemployed. *See* Plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee 1–2, ECF No. 7. He does own a car (valued at about $5,000), receive public benefits ($170 per month), sell his artwork ($30 per month), and have some money saved up ($4,000). Pl.'s Req. 2–3. His monthly expenses consist of $100 for art supplies and $100 for gas in his truck. Pl.'s Req. 3. Based on the above information, the Court concludes that Mr. Myrick is unable to pay the fees and costs of commencing this action.

## B. Legal sufficiency - § 1915(e)(2)

The second step of the inquiry requires the Court to analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, the Court may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 327).

2

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). That is, to survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt*, 224 F.3d at 612. Moreover, the Court must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 1. Complaint allegations

Mr. Myrick's Second Amended Complaint contains the following allegations. On January 4, 1991, Mr. Myrick was sentenced to twenty-seven years in prison after being convicted of burglary. According to Mr. Myrick, the judge (Mark S. Gempeler), the prosecutor (Patrick Haughney), and the public defender (Antony Rosario) in that case engaged in fraud by allowing false information—footprint evidence that supposedly connected Mr. Myrick to the crime scene—to be presented at trial. From 1989 to 1995, Judge Gempeler, DA Haughney, and Attorney Rosario

3

also conspired with the Wisconsin Department of Corrections by rewriting letters Mr. Myrick had sent to the Judicial Commission and the Department of Justice questioning the propriety of his conviction and by entering false information into the record so that Mr. Myrick serves more time than he should. These three men also conspired with judges in Racine to give Mr. Myrick a consecutive two-year sentence for a crime that happened in Waukesha. The oppression at the hands of Judge Gempeler, DA Haughney, and Attorney Rosario continues to this day, as they control where Mr. Myrick works, tamper with Mr. Myrick's food, clothing, tools, and truck, and attempt to prevent Mr. Myrick from presenting these allegations in court. *See* 2d Am. Compl. 2–3.

For relief, Mr. Myrick asks the Court to review his trial transcripts for the alleged misconduct and to review his criminal record for the falsified documents. Mr. Myrick also asks to be released from parole and awarded $2 million. *See* 2d Am. Compl. 4.

## 2. Legal analysis

There are several problems with Mr. Myrick's Second Amended Complaint. *First*, Mr. Myrick appears to be inappropriately combining a federal habeas claim under 28 U.S.C. § 2254 (release from custody) with a claim pursuant to 42 U.S.C. § 1983 (monetary damages against officials acting under color of law). *See, e.g.*, *Glaus v. Anderson*, 408 F.3d 382, 386–87 (7th Cir. 2005). Mr. Myrick continues to seek both release from parole and damages despite being repeatedly warned that he cannot pursue both claims in the same action. *Second*, Mr. Myrick's fraud claim

4

necessarily implies the invalidity of his burglary conviction; therefore, he is barred from seeking damages under § 1983 for that alleged violation. *See Johnson v. Winstead*, 900 F.3d 428, 435 (7th Cir. 2018) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).[1]

*Third*, Mr. Myrick's allegations that the defendants control where he works and tamper with his things are clearly frivolous. *Fourth*, it is implausible that the defendants have conspired with judges in Racine on an unrelated matter; Mr. Myrick therefore has failed to state a claim concerning these allegations. *Finally*, Judge Gempeler and DA Haughney are entitled to absolute immunity from damages for their official conduct. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (judicial immunity); *Field v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2013) (prosecutorial immunity).

## II. Conclusion

Accordingly, the Court finds that the requirements of § 1915(e)(2)(B) are not satisfied. Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, this Court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The matter therefore will be referred to a district judge for review of the following recommendations: (1) that this action be dismissed pursuant to 28 U.S.C. § 1915; (2) that Mr. Myrick's

---

[1] If not barred under *Heck*, then Mr. Myrick's claims concerning his trial (around 1990) and the confiscation of his mail (1989 to 1995) would be time-barred. *See* Wis. Stat. §§ 893.51, 893.53, 893.57, 893.735, 893.93 (showing that the statute of limitations could not be greater than six years).

requests for leave to proceed without prepaying the filing fee be denied as moot; and (3) that the Clerk of Court enter judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, ECF Nos. 2 & 7, be **DENIED as moot**.

**FINALLY, IT IS RECOMMENDED** that the Clerk of Court enter judgment that Plaintiff shall take nothing from his complaints.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2019.

**BY THE COURT:**


_s/ David E. Jones_
DAVID E. JONES
United States Magistrate Judge

6